IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALLIANZ MÉXICO, S.A. COMPAÑIA DE SEGUROS AS SUBROGEE OF GUSTAVO GUTIERREZ GUTIERREZ AND COLUMBIA ASSET TRUST CORP., <br><br>*Plaintiff,*<br><br>vs.<br><br>AHR AVIONICS, INC. d/b/a AHR AVIATION<br><br>*Defendant.* | Civil Action No. 5:19-cv-00381 |

## PLAINTIFF'S COMPLAINT

To the Honorable Court:

Plaintiff Allianz México, S.A. Compañia de Seguros, as subrogee of its insured and aircraft owner Gustavo Gutierrez Gutierrez and Columbia Asset Trust Corp. ("Allianz") brings this Complaint against Defendant AHR Avionics, Inc. d/b/a AHR Aviation ("AHR") resulting from damages to an aircraft while it was custody and control of AHR, respectfully showing the Court as follows:

### I.  PARTIES

1.      Plaintiff Allianz México, S.A. Compañia de Seguros is a Mexican company with its principal place of business in Mexico City, Mexico. Following Allianz's payment pursuant to the terms of an aviation hull policy, Allianz's insured Gustavo Gutierrez Gutierrez and Columbia Asset Trust Corp. assigned all rights, interests, and causes of action against any third parties who shall or may be liable for the loss to the Plaintiff.

2. Defendant AHR Avionics, Inc. d/b/a AHR Aviation ("AHR") is a Texas for-profit corporation with its principal place of business at 567 Sandau Road, San Antonio, Texas 78216 and may be served through its registered agent, GlacierCap Management, LLC at 10101 Reunion Place, Suite 1000, San Antonio, Texas 78216.

## II. JURISDICTION AND VENUE

3. The Court has personal jurisdiction over Defendant AHR because it engaged in business in Texas by contracting with Allianz's insured to perform work on its aircraft. The work was to be done at AHR's FAA Repair Station in San Antonio, Texas.

4. The Western District of Texas, San Antonio Division has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because this dispute is between a citizen of Texas and a citizen of Mexico, and the amount in controversy exceeds $75,000. Venue is proper because AHR resides in San Antonio and this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III. STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

5. Allianz's insured owned and operated a Raytheon B36TC Bonanza, S/N EA-650 Turboprop Conversion, with FAA Registration N307M ("the Aircraft").

6. Allianz's insured entrusted the Aircraft to AHR to perform modifications, repairs and maintenance. Specifically, on or about December 18, 2017 Mr. Gutierrez contacted Fred McMillan, AHR's Sales and Customer Service Manager and Chief Inspector, and notified him that there were problems with the Aircraft and requested that AHR work on the Aircraft. AHR told Mr. Gutierrez that it could work on the Aircraft.

7.      AHR was familiar with the Aircraft, as it had previously repaired and maintained it at the request of Allianz's insured.  In addition, AHR is a FAA certified Repair Station and Beechcraft Authorized Service Center.

8.      On December 18, 2017 Mr. Gutierrez turned over the Aircraft to AHR's facility at the San Antonio International Airport.

9.      On December 19, 2017 AHR performed some repairs on the Aircraft, and informed Mr. Gutierrez that once the propeller governor switch was replaced, the shop would perform an engine wash.

10.     On December 20, 2017 at around 8:48 a.m., Mr. Gutierrez advised AHR that he would like to pick up the Aircraft at 11:00 a.m. that day.  Mr. McMillan advised him that the Aircraft would be ready.

11.     Sometime before Mr. Gutierrez arrived at the shop, the Aircraft was in an accident while it was being worked on and tested by AHR employees.  Mr. McMillan explained to Mr. Gutierrez that while AHR was performing an engine test, the Aircraft moved forward out of control and fell down a slope, causing the nose and right wing of the Aircraft to impact the ground.

12.     AHR employees failed to properly set the Aircraft's brakes; failed to chock the Aircraft's wheels; failed to monitor brake pressure; failed to monitor engine power; failed to reduce engine thrust; and otherwise failed to take precautions to ensure that the Aircraft stayed in a fixed location while they performed their work.  The employees also positioned the Aircraft near an uneven area of the ramp while performing their work.  This uneven area was not protected with a fence or any other barrier.  As a result of these failures, during the engine run up, the Aircraft moved forward and fell down a slope.

13. As a result of the unexpected movement, the Aircraft airframe, engine, and propeller were severely damaged.

14. The Aircraft was determined to be a total loss. Allianz paid its insured the sum of US $540,000.00 as a result of the damages sustained to the Aircraft. In additional, Allianz's insured paid a deductible of $60,000.00 pursuant to the terms of the insurance policy.

15. Allianz has incurred additional expenses of $48,668.58 for inspection of the Aircraft following the accident to determine if the Aircraft could be repaired or if it was a total loss.

16. In addition, Allianz incurred additional expenses and damages as a result of Defendant's actions, including costs to store and transport the Aircraft and engine following the accident.

17. Allianz is subrogated to the rights of its insured pursuant to the terms of its insurance policy and an agreement between the insurer and the insured.

18. Plaintiff has demanded that AHR pay for the damages to the Aircraft and for the expenses that Allianz has incurred as a result of its acts and omissions, but AHR has refused.

19. All conditions precedent for bringing this suit have been met.

## IV.  CAUSES OF ACTION

**Breach of Contract**

20. Allianz incorporates the facts and allegations set forth in paragraphs 1 – 19 above.

21. Allianz's insured contracted with AHR to perform repair and maintenance work on the Aircraft.

22.     AHR breached its contract with Allianz's insured by failing to perform the work as agreed and by failing to follow correct procedures to prevent the Aircraft from moving down the ramp while the engine was being maintained and tested.

23.     As a result of AHR's failure to perform its obligations under its contract, the Aircraft sustained severe damage, resulting in a total loss.

**Negligence**

24.     Allianz incorporates the facts set forth in paragraphs 1 – 19 above.

25.     While AHR's employees were performing work on the Aircraft, they failed to follow the correct procedures to secure the Aircraft prior to performing an engine run up. AHR owed a duty to Allianz's insured to act with reasonable care when performing repairs, maintenance, and testing on the Aircraft. AHR breached this duty by failing to act with reasonable care. Specifically, AHR employees were negligent in failing to properly set the Aircraft's brakes; failing to chock the Aircraft's wheels; failing to monitor brake pressure; failing to monitor engine power; failing to reduce engine thrust; and otherwise failing to take precautions to ensure that the Aircraft stayed in a fixed location while they performed their work. The employees also negligently positioned the Aircraft near an uneven area of the ramp while working on the engine. AHR negligently failed to install a fence or other barrier to prevent the Aircraft from dropping off the uneven surface.

26.     As a result of AHR's positioning of the Aircraft on an uneven area of the ramp and AHR's negligence, the Aircraft sustained severe damage, resulting in a total loss.

**Breach of Bailment Agreement**

27.     Allianz incorporates the facts set forth in paragraphs 1 – 19 above.

28. Allianz's insured delivered the Aircraft to AHR in trust for the purpose of having the Aircraft repaired, maintained, and returned to it in an airworthy condition. AHR accepted delivery of the Aircraft with an express or implied contract that the Aircraft would be repaired, maintained, and returned to Allianz's insured in an airworthy condition or in at least as good of a condition as the Aircraft was in when it was entrusted to AHR.

29. As a result of AHR's acts and omissions, the Aircraft was severely damaged, resulting in a total loss of the Aircraft.

**Breach of the Implied Warranty of Good and Workmanlike Services**

30. Allianz incorporates the facts set forth in paragraphs 1 – 19 above.

31. AHR performed modification, repair and maintenance services on the Aircraft and sold these services to Allianz's insured. However, AHR failed to provide these services in a good and workmanlike manner. AHR failed to perform its work and testing in accordance with the standards of a mechanic and repair station generally considered proficient by those capable of judging such work. Specifically, prior to conducting an engine run up, a mechanic and repair station performing these services in a good and workmanlike manner would have properly positioned the Aircraft on a level area of the ramp away from uneven areas; set the Aircraft's brakes; chocked the Aircraft's wheels; monitored brake pressure; monitored engine power; reduced engine thrust once the Aircraft began moving; and taken precautions to ensure that the Aircraft stayed in a fixed location and would not drop from an uneven surface while performing work.

32. As a result of AHR's failure to perform modification, repair, and maintenance services on the Aircraft in a good and workmanlike manner, the Aircraft was severely damaged, resulting in a total loss of the Aircraft.

## **REQUEST FOR RELIEF**

33. Plaintiff Allianz México, S.A. Compañia de Seguros requests the following relief:

    1. That Defendant be cited to appear and answer;

    2. That upon a final trial, Allianz receive a final judgment against AHR for all damages;

    3. That upon a final trial, Allianz receive a judgment against AHR for its attorneys' fees;

    4. That court costs be awarded against Defendant;

    5. That Allianz recover pre- and post-judgment interest as allowed by law, at the highest rate allowed by law; and

    6. That Allianz be awarded such other and further relief to which it is entitled, at law or in equity.

Dated: April 12, 2019

                Respectfully submitted,

                /s/ *Pamela C. Hicks*
                Pamela C. Hicks (attorney in charge)
                TBA No. 24007002
                Federal I.D. No. 23061
                3700 Buffalo Speedway, Suite 520
                Houston, Texas 77098
                Telephone:  (713) 589-2240
                Facsimile:  (713) 277-7220
                Email:  phicks@hdwlegal.com

                **ATTORNEY-IN-CHARGE FOR**
                **PLAINTIFF ALLIANZ MÉXICO, S.A.**
                **COMPAÑIA DE SEGUROS**

Of Counsel:

HICKS DAVIS WYNN, PC
3700 Buffalo Speedway, Suite 520
Houston, Texas 77098
Telephone:  (713) 589-2240
Facsimile:  (713) 277-7220